UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK MANUEL HERNANDEZ,

    Plaintiff

v.

PERRY RUSSELL, et al.,

    Defendants

Case No.: 3:20-cv-00114-MMD-CSD

**Order**

Re: ECF Nos. 43, 44

Before the court are Plaintiff's motions to serve defendant Steve Lennon by publication and to stay the dismissal of defendant Lennon under Federal Rule of Civil Procedure 4(m). (ECF Nos. 43, 44.)

## I. BACKGROUND

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 8.) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim of excessive force against defendants Lennon and Cregg. (ECF No. 7.)

Plaintiff alleges that Lennon, without justification, began pointing his gun and its laser pointer at inmates' faces. Plaintiff claims he was injured when Lennon hit his eyes with the laser pointer. Cregg witnessed Lennon's actions, but did nothing to prevent Lennon from pointing the gun and its laser at the inmates.

On May 26, 2021, Magistrate Judge William G. Cobb entered an order granting Plaintiff's application to proceed *in forma pauperis* (IFP) and directed the Attorney General's

Office to file a notice advising of the names of defendants for whom it accepts service, and file the last known address under seal for any defendant for whom it did not accept service. At that time, the court instructed Plaintiff that service had to be completed within 90 days of the date of that order, by August 24, 2021. (ECF No. 15.)

The Attorney General's Office accepted service for defendant Cregg, and filed the last known address of defendant Lennon under seal. (ECF Nos. 16, 17.) The U.S. Marshal attempted to serve Lennon, but the summons was returned unexecuted because Lennon no longer lived at the last known address. (ECF No. 22.)

On September 2, 2021, Plaintiff filed a motion to have the U.S. Marshal serve Lennon. (ECF No. 29.) Judge Cobb denied the motion, noting that the U.S. Marshal had already unsuccessfully attempted to serve Lennon, but Judge Cobb directed the Attorney General's Office to advise whether it was able to find another address for Lennon. (ECF No. 30.) The Attorney General's Office was unable to find an alternative address for Lennon. (ECF No. 31.)

On November 23, 2021, Plaintiff asked the court to direct the U.S. Marshal or appoint an investigator to assist Plaintiff in locating Lennon. (ECF No. 34.) Judge Cobb denied the motion, noting that the mission of the U.S. Marshal does not extend to locating addresses of defendants in civil actions for plaintiffs proceeding IFP, and it was Plaintiff's ultimate responsibility to do so. Judge Cobb again directed the Attorney General's Office to advise whether it had an alternative address for Lennon, but they still could not locate an alternative address for Lennon. (ECF Nos. 36. 37.)

On January 4, 2022, a notice of intent to dismiss Lennon under Federal Rule of Civil Procedure 4(m) was issued, advising that Lennon may be dismissed without prejudice unless a proof of service or a showing of good cause was filed by February 3, 2022. (ECF No. 40.)

Plaintiff then asked the court to allow for a public notice to be posted within the federal court building, to appoint a federal public defender to locate Lennon for service, or to require the Attorney General to accept service for Lennon. (ECF No. 41.)

Judge Cobb denied this motion, advising Plaintiff: a "public notice" posted in the federal courthouse would not constitute proper service under Rule 4 of the Federal Rules of Civil procedure; the mission of the Federal Public Defender's Office does not extend to representing pro se plaintiffs in civil rights cases; and the Attorney General's Office has a policy of accepting service for former employees only when the former employee consents to the Attorney General doing so, and the court cannot order the Attorney General's Office to accept service for a former employee who had not given consent. (ECF No. 42.) Judge Cobb also noted that Plaintiff could pursue service by publication under Federal Rule of Civil Procedure 4(3)(1) and Nevada Rule of Civil Procedure 4(d)(3). Judge Cobb explained that Plaintiff is responsible for ascertaining the name of the publication, paying the publication costs associated with that method of service, and complying with the other terms of the rules. (ECF No. 42 at n. 1.)

Plaintiff now moves to serve Lennon by publication, and to stay the dismissal of Lennon under Rule 4(m). (ECF Nos. 43, 44.)

On January 24, 2022, this case was reassigned to the undersigned as a result of the retirement of Judge Cobb. (ECF No. 45.)

## II. DISCUSSION

An individual may be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's dwelling with someone of suitable age and discretion who lives there, or delivering a copy to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2)(A)-(C). In addition, under Federal Rule of Civil Procedure 4(e), an

individual may be served by following Nevada law, which also authorizes those methods of service. Fed. R. Civ. P. 4(e)(1), Nev. R. Civ. P. 4.2(a). In Nevada, if a party demonstrates that those service methods are "impracticable, the court *may*, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method[,]" including service by publication when the defendant "cannot, after due diligence, be found." Nev. R. Civ. P. 4.4(b)(1), 4.4(c) (emphasis added).

A motion seeking an order for alternative service by publication must provide affidavits, declarations or other evidence setting forth facts demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) the efforts made to locate and serve the defendant; (3) the defendant's known, or last known contact information; (4) the last known address, the dates during which the defendant resided at the location, and confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2).

The motion must also: state why service by publication comports with due process; include the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; and suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings. *Id.* The publication "should be reasonably calculated to give the defendant actual notice of the proceedings." Nev. R. Civ. P. 4.4(c)(4)(A). "The service must be published at least once a week for a period of four weeks." Nev. R. Civ. P. 4.4(c)(4)(A).

Other courts have recognized that in light of "due process concerns, service by publication must be allowed 'only as a last resort.'" *Price v. Thomas,* No. 21-cv-06370-DMR,

2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

The court recognizes that due to his status as an inmate, Plaintiff cannot provide some of the information required, such as Lennon's last known contact information and address, because that information is filed under seal. Nor can Plaintiff identify the publications without having at least the city where the defendant was last located. The court may consider disclosing the city of the defendant's last know address; however, Plaintiff's motion does not demonstrate any due diligence has been undertaken to locate and serve Lennon. If Lennon cannot be served at the last known address filed under seal, then Plaintiff must conduct his own investigation to try and locate Lennon. *See Peterson v. United States*, No. EDCV 15-00143-AB (RAO), 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) ("Although plaintiff may not have access to public records because of his incarceration, Plaintiff has not had someone else perform an appropriate investigation into public records on his behalf."). Other than asking the court to appoint someone to investigate Lennon's whereabouts (these requests have been denied), Plaintiff does not state what efforts he has taken to locate and serve Lennon. For example, he does not address whether he has solicited family or friends or even a private investigator to undertake this investigation.

The court appreciates that this is a difficult task for an indigent inmate to undertake; however, the statute places the burden on the party seeking to conduct service by publication to provide this information. Moreover, there is no provision in the IFP statute which provides for the court, the U.S. Marshal or the Nevada Attorney General to pay for the costs associated with service by publication. *See* 28 U.S.C. § 1915; LSR 1-6 ("The granting of an application to proceed *in forma pauperis* does not relieve the applicant of the responsibility to pay the expenses

of litigation that are not covered by 28 U.S.C. § 1915."). Plaintiff's motion does not state who will pay for the cost of service by publication.

For these reasons, Plaintiff's motion to serve Lennon by publication is denied.

The court will now address Plaintiff's request to stay the dismissal of Lennon under Rule 4(m). The rule provides that a defendant must be served within 90 days or the defendant must be dismissed unless the Plaintiff shows good cause for the failure to timely serve the defendant. "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Crowley v. Bannister,* 734 F.3d 967, (9th Cir. 2013) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)). The Ninth Circuit has held that "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after*" expiration of the 90-day period." *Efaw v. Williams*, 473 F.3d 1038, 1041 (emphasis original, citation and quotation marks omitted).

When the court entered its service order, it gave Plaintiff 90 days, until August 24, 2021, to complete service. (ECF No. 15.) It has been 254 days since the court issued that order, and Lennon has not been served. In light of the fact that Plaintiff is a pro se inmate proceeding IFP, the court will exercise its discretion to grant Plaintiff an additional 45 days to complete service as to Lennon. The court does not believe any further delay in this case is warranted, and the case must move forward as to defendant Cregg. If Plaintiff files another motion for service by publication, he shall address the requirements discussed above.

### III. CONCLUSION

Plaintiff's motion to serve Lennon by publication (ECF No. 43) is **DENIED**.

Plaintiff's motion to stay the Rule 4(m) dismissal of Lennon (ECF No. 44) is **GRANTED** to the extent that Plaintiff has an additional **45 days** from the date of this Order to complete service on Lennon. If Plaintiff files another motion for service by publication, he shall address the factors discussed in this Order. If a proof of service is not filed for Lennon within 45 days of this Order, Lennon will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: February 4, 2022

_____
Craig S. Denney
United States Magistrate Judge