# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FRANK MANUEL HERNANDEZ,

     Plaintiff

v.

PERRY RUSSELL, et al.

     Defendants

Case No.: 3:20-cv-00114-MMD -CSD

**Order/Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 63

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's "second request and notice for change of order," which seeks reconsideration of the order dismissing Lennon as a defendant under Federal Rule of Civil Procedure 4(m) for lack of timely service. (ECF No. 63.)

After a thorough review, it is recommended that Plaintiff's motion be granted. In addition, the court orders the Clerk to send Plaintiff a copy of ECF No. 46 and vacates the remaining scheduling order deadlines pending an order on this Report and Recommendation.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 8.) The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment claim of excessive force against defendants Lennon and Cregg. (ECF No. 7.)

The Office of the Attorney General (OAG) accepted service for Cregg. It did not accept service for Lennon, but the OAG filed his last known address under seal. The U.S. Marshal

attempted to serve Lennon, but the summons was returned unexecuted because Lennon no longer lived at the last known address. (*See* ECF Nos. 16, 17, 22.)

Plaintiff has filed various motions seeking assistance in serving Lennon. He filed a motion to have the U.S. Marshal serve Lennon, which Magistrate Judge Cobb (now retired) denied because the U.S. Marshal had already unsuccessfully attempted service; however, Judge Cobb directed the OAG to advise whether it could locate another address for Lennon. (ECF No. 30.) The OAG was unable to locate another address. (ECF No. 31.) Plaintiff then asked the court to direct the U.S. Marshal to appoint an investigator to locate Lennon, which Judge Cobb denied. Judge Cobb again directed the OAG to advise whether it had an alternative address for Lennon, but they still could not locate an alternative address. (ECF Nos. 36, 37.)

On January 4, 2022, a notice of intent to dismiss Lennon under Federal Rule of Civil Procedure 4(m) was issued, advising that Lennon may be dismissed without prejudice unless a proof of service or showing of good cause was filed by February 3, 2022. (ECF No. 40.)

Plaintiff then asked the court to allow a public notice to be posted in the court building, to appoint a federal public defender to locate Lennon for service, or to require the OAG to accept service for Lennon. (ECF No. 41.) Judge Cobb denied this motion, advising Plaintiff that posting a public notice in the courthouse would not constitute proper service; that the mission of the Federal Public Defender did not extend to representing pro se plaintiffs in civil rights cases; and that the OAG had a policy of accepting service of former employees only when the former employee consents to the OAG doing so, and the court could not order the OAG to accept service for an employee who had not given consent. Judge Cobb also noted that Plaintiff could pursue service by publication under Federal Rule of Civil Procedure 4(3)(1) and Nevada Rule of Civil Procedure 4(d)(3). Judge Cobb explained that Plaintiff is responsible for ascertaining the

name of the publication, paying the publication costs associated with that method of service and complying with the other terms of the rules. (ECF No. 42.)

Plaintiff subsequently filed a motion to serve Lennon by publication and to stay Lennon's dismissal under Rule 4(m). (ECF Nos. 43, 44.)

On February 4, 2022, the undersigned (who was reassigned to this case upon Judge Cobb's retirement) issued an order that denied Plaintiff's motion for service by publication, but the court gave Plaintiff an extension of time to serve Lennon until March 21, 2022. (ECF No. 46.) The order noted Plaintiff did not demonstrate any due diligence had been undertaken to locate and serve Lennon, and that the onus was on Plaintiff to ascertain this information. Moreover, Plaintiff did not indicate who would pay for the cost of service by publication, and the IFP statute does not provide that the court, the U.S. Marshal or the OAG pay for the costs associated with service by publication.

On February 14, 2022, Plaintiff filed a request for the status of his motion for service by publication. (ECF No. 47.)

On March 25, 2022, Chief District Judge Du dismissed Lennon without prejudice under Rule 4(m) because Plaintiff had neither filed a proof of service nor supplied the court with the required information for service by publication prior to the March 21, 2022 deadline. (ECF No. 49.)

On April 1, 2022, Plaintiff filed a "notice and request for change of order" indicating he did not receive the court's order denying the motion for service by publication and extension of the deadline to serve Lennon set forth at ECF No. 46. (ECF No. 50.)

On May 11, 2022, Plaintiff filed a notice requesting a status, indicating that he had been told at a hearing regarding scheduling order deadlines that his request for reconsideration of the dismissal of Lennon was under review by another judge. (ECF No. 54.)

On June 7, 2022, Plaintiff filed this "second request a notice for change of order," again asserting that he never received the court's order at ECF No. 46. (ECF No. 63.)

The court held a hearing in this action on July 7, 2022. Plaintiff advised the court at that time that he had not received the order at ECF No. 46. The Deputy Attorney General acknowledged there was a delay in Plaintiff receiving ECF No. 46. The court heard from Plaintiff regarding his request to reopen discovery for the purpose of serving Lennon by publication and performing discovery on Lennon. The court specifically asked Plaintiff what steps had been taken to locate Lennon. Plaintiff noted that the U.S. Marshal unsuccessfully attempted to serve him. Plaintiff also asked family members to look Lennon up on the internet and through various social media platforms, to no avail. The court denied Plaintiff's request to reopen discovery; however, the court extended the deadline for filing dispositive motions to August 8, 2022, and the deadline for filing the joint pretrial order to September 7, 2022. (ECF No. 75.)

## II. DISCUSSION

In light of the fact that Plaintiff did not receive a copy of ECF No. 46—denying his motion for service by publication and extending the deadline to serve Lennon—the court finds it is appropriate to withdraw the order dismissing Lennon without prejudice under Federal Rule of Civil Procedure 4(m) at ECF No. 49. Lennon should be reinstated as a defendant. Plaintiff should be given an addition 60 days from the date of any order adopting and accepting this report and recommendation to serve Lennon. Plaintiff shall consult Rule 4 and refer to the court's order at

1  ECF No. 46 if he seeks to file another motion to serve Lennon by publication. If Plaintiff does

2  not timely serve Lennon, he will be dismissed without prejudice under Rule 4(m).

3       There is still no basis to reopen discovery. Plaintiff had plenty of time to ask Cregg

4  questions about Lennon's whereabouts while discovery was still open. Moreover, the OAG has

5  advised multiple times it does not have an alternative address for Lennon. As such, reopening

6  discovery at this time would be futile. The court will, however, vacate the remaining scheduling

7  order deadlines pending an order on this Report and Recommendation by Chief Judge Du.

8                                    **III. ORDER**

9       The Clerk shall **SEND** Plaintiff a copy of ECF No. 46.

10      The dispositive motion and joint pretrial order deadlines set at the July 7, 2022 hearing

11 are **VACATED** pending a ruling by Chief Judge Du on this Report and Recommendation.

12                              **IV. RECOMMENDATION**

13      IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING**

14 Plaintiff's motion (ECF No. 63). The order dismissing Lennon without prejudice under Federal

15 Rule of Civil Procedure 4(m) (ECF No. 49) should be **WITHDRAWN**. Lennon should be

16 **REINSTATED** as a defendant. Plaintiff should be given an additional 60 days from the date of

17 any order adopting and accepting this Report and Recommendation to serve Lennon.

18      The parties should be aware of the following:

19      1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

20 this Report and Recommendation within fourteen days of being served with a copy of the Report

21 and Recommendation. These objections should be titled "Objections to Magistrate Judge's

22 Report and Recommendation" and should be accompanied by points and authorities for

23 consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 12, 2022

_____
Craig S. Denney
United States Magistrate Judge