# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PERRY RUSSELL, et al.,<br><br>　　　　　Defendants. | 3:20-cv-00114-MMD-CSD<br><br>**ORDER**<br><br>Re: ECF No. 90 |

Before the court is Plaintiff's Request for United States Marshals to Serve Complaint upon Defendant Steve Lennon. (ECF No. 90). Plaintiff states he has located an address for Lennon on Stone Crest Drive in Abilene, Texas, through the assistance of his family members using Jobfinder.com. (*Id.* at 2.)

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), who is proceeding pro se and *in forma pauperis* (IFP) with this civil rights action pursuant to 42 U.S.C. § 1983. The court screened his complaint and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Lennon and Craig. The claim is based on allegations that Lennon, without justification, began pointing his gun and its laser pointer at inmates' eyes, including Plaintiffs, and injured Plaintiff. Plaintiff avers that Craig witnessed Lennon's actions, but Craig did nothing to prevent Lennon from pointing the gun and its laser at the inmates. (ECF No. 7.)

The Attorney General's Office accepted service for Craig, but not for Lennon, and filed Lennon's last known address under seal. (ECF Nos. 16, 17.) The court gave Plaintiff until

1

August 24, 2021, to complete service. (ECF No. 15 at 2.) A summons was issued for Lennon (ECF No. 20), but it was returned unexecuted, with the United States Marshals Service (USMS) indicating that Lennon did not live at the address provided. (ECF No. 22.)

On September 2, 2021, Plaintiff filed a motion to have the USMS serve Lennon. (ECF No. 29.) The court directed the Attorney General's Office to advise whether it was able to find an alternative address for Lennon, and the court denied Plaintiff's request to have the USMS serve Lennon. (ECF No. 30.) The Attorney General's Office filed a notice that it was unable to locate another address for Lennon. (ECF No. 31.)

On November 23, 2021, Plaintiff filed another motion asking the court order the USMS to assist him in locating Lennon, or to appoint an investigator to help Plaintiff locate Lennon. (ECF No. 34.) The court denied this request, advising Plaintiff that the mission of the USMS does not extend to locating addresses of defendants in civil actions for plaintiffs proceeding IFP, but instead, it is ultimately Plaintiff's responsibility to locate the defendant. Nevertheless, the court again instructed the Attorney General's Office to advise whether it could locate an alternative address for Lennon. (ECF No. 36.) The Attorney General's Office filed a notice that it could not locate an alternative address for Lennon. (ECF No. 37.)

On January 4, 2022, a notice of intent to dismiss Lennon under Federal Rule of Civil Procedure 4(m) was issued, indicating that Plaintiff had until February 3, 2022, to serve Lennon or demonstrate good cause why service was not effectuated. (ECF No. 40.)

Plaintiff then asked the court to allow for a public notice to be posted within the federal court, to appoint a federal public defender to locate Lennon for service, or to require the Attorney General to accept service for Lennon. (ECF No. 41.) This motion was denied. Plaintiff was advised that a "public notice" posted in the federal courthouse is not proper service under Rule 4 of the Federal Rules

of Civil Procedure; the mission of the Federal Public Defender's Office does not extend to representing pro se plaintiffs in civil rights cases; and the Attorney General's Office has a policy of accepting service for former employees only when the former employee consents to the Attorney General doing so, and the court cannot order the Attorney General to accept service for a former employee who has not given consent. The court noted that Plaintiff could possibly pursue service by publication, but the court explained that Plaintiff was responsible for ascertaining the name of the publication, paying the publication cost associated with that method of service, and complying with the other terms of the rules. (ECF No. 42.)

On January 19, 2022, Plaintiff filed a motion to serve Lennon by publication. (ECF No. 43.) The court denied Plaintiff's motion, noting that service by publication is usually allowed "only as a last resort" because of due process concerns that arise because this method of service rarely results in actual notice of a lawsuit. Plaintiff did not know, and still does not know, what city Lennon is located in so that service by publication would even be an option. Nor did Plaintiff address who would pay for the cost of service by publication. Plaintiff also asked the court to stay the dismissal of Lennon under Rule 4(m). The court noted the significant length of time that had passed since the court's order imposing a deadline of August 24, 2021, to complete service, but nevertheless granted Plaintiff an additional 45 days, until March 21, 2022, to complete service as to Lennon. At that time, the court noted that it did not believe any further delay in this case was warranted, and the case must move forward as to defendant Craig. As such, Plaintiff was advised that if a proof of service was not filed as to Lennon by March 21, 2022, Lennon would be dismissed without prejudice under Rule 4(m). (ECF No. 46.)

On February 14, 2022, Plaintiff filed a request for the status of his motion for service by publication. (ECF No. 47.)

On March 25, 2022, Chief District Judge Du dismissed Lennon without prejudice under Rule 4(m) because Plaintiff had neither filed a proof of service nor supplied the court with the required information and a motion for service by publication prior to the March 21, 2022, deadline. (ECF No. 49.)

On April 1, 2022, Plaintiff filed a notice indicating he did not receive the court's order denying his motion for service by publication and extension of the deadline to serve Lennon. (ECF No. 50.) On May 11, 2022, Plaintiff filed a notice requesting status. (ECF No. 54.) On June 7, 2022, he filed a request for a change of order. (ECF No. 63.)

The court held a hearing on July 7, 2022, and Plaintiff advised that he had not received the order denying his motion for publication and request to stay the dismissal of Lennon. (ECF No. 75.) The court subsequently recommended that the order dismissing Lennon under Rule 4(m) be withdrawn, and that Plaintiff be given an additional 60 days from any order adopting the report and recommendation to serve Lennon. (ECF No. 76.) On July 13, 2022, Chief Judge Du adopted the report and recommendation, and gave Plaintiff until September 12, 2022, to serve Lennon, noting that if he was not served, Lennon would be dismissed without prejudice. (ECF No. 77.)

On August 23, 2022, Plaintiff filed a motion to have the USMS serve Lennon and requested to ask defendant Craig about Lennon's whereabouts in discovery. At that time, Plaintiff represented that he found an address for Steven Lennon on LinkedIn in Abilene, Texas, that had associated phone numbers with a 775-area code, as well as another address for a Steven Lennon in San Antonio, Texas. Plaintiff claimed that both of these LinkedIn entries referenced a former address in Carson City, Nevada. Plaintiff asked the court to order the USMS to serve Lennon at both of these addresses in Texas, and in addition, that he be able to ask Craig about Lennon's whereabouts. (ECF No. 80.)

On August 24, 2022, the court issued an order granting Plaintiff leave to serve defendant Craig with interrogatories limited to Craig's knowledge of Lennon's whereabouts before it would consider whether to order the USMS to attempt service on Lennon outside the District of Nevada without any further information to confirm that former NDOC employee Lennon currently resides in Texas. The court conducted a search on whitepages.com and located an address for a Steve Lennon in Carson City, Nevada. The court filed that address into the docket under seal and directed the USMS to attempt to serve Lennon at that address, and the court extended the deadline to complete service as to Lennon until October 24, 2022. Finally, the court advised Plaintiff it was hesitant to require the USMS to attempt service at the two addresses in Texas without additional information confirming that Lennon currently resides in Texas. (ECF No. 81.)

On September 6, 2022, Defendant Craig filed a notice advising he received the interrogatories from Plaintiff and that he is unaware of the current location and/or address of Steve Lennon. (ECF No. 88.)

The USMS attempted service on Plaintiff at the address provided under seal from whitepages.com; however, Lennon did not reside at that address. (ECF No. 89.)

On September 20, 2022, Plaintiff filed this motion requesting the court order the USMS to attempt service on Lennon again. Plaintiff claims that his family members found an address for Lennon in Abilene, Texas, using Jobfinder.com, that has associated telephone numbers with a 775-area code. (ECF No. 90.)

The court previously expressed its hesitancy to order the USMS to attempt service on Lennon outside of this District without any further information that Lennon currently resides in Texas. Plaintiff provides the court with no more assurance that the Steven Lennon who is named a defendant in this action—a former employee of NDOC—does in fact reside in Abilene, Texas. The court will not order

the USMS to attempt service on Lennon in Abilene, Texas under these circumstances. As such, Plaintiff's motion (ECF No. 90) is **DENIED**.

It has been 393 days since the original deadline to complete service expired, and Plaintiff has been given multiple extensions to complete service as to Lennon. In light of Federal Rule of Civil Procedure 1's command that the court administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" the existing deadline to complete service for Lennon will remain on **October 24, 2022**. If a proof of service on Lennon is not filed by that date, Lennon will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

DATED:  September 21, 2022.

_____
Craig S. Denney
United States Magistrate Judge