UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK MANUEL HERNANDEZ,<br><br>　　　　　　　　　　　　Plaintiff,<br>　v.<br>PERRY RUSSELL, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:20-cv-00114-MMD-CSD<br><br>ORDER |

　　　This action began with a 42 U.S.C. § 1983 civil rights complaint filed by *pro se* Plaintiff Frank Manuel Hernandez, who is incarcerated at Northern Nevada Correctional Center. (ECF No. 8.) Before the Court is Hernandez's objection (ECF No. 92 ("Objection")) to United States Magistrate Judge Craig S. Denney's order denying his motion for service by U.S. Marshal. (ECF Nos. 90, 91.) For the reasons stated below, the Court overrules Hernandez's Objection.

　　　Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011)

(citation omitted). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

In his motion for service, Hernandez requests that the U.S. Marshal serve Defendant Steve Lennon at a Texas address he found on Jobfinder.com and asks for another extension. (ECF No. 90 at 1-3.) Judge Denney denied the motion because Hernandez failed to provide any additional information that Lennon actually resides at the Texas address, and the Court has already granted Hernandez multiple extensions to serve Lennon. (ECF No. 91 at 5-6.) Hernandez objects to Judge Denney's order, arguing that it has always been known by all parties, since the beginning of the case, that Lennon resides in Texas. (ECF No. 92 at 1.)

The Court finds that Lennon's current address is uncertain, and Judge Denney did not clearly err. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Hernandez did not provide any further information or support, other than an alleged search result from Jobfinder.com, that Lennon resides at the specific Texas address. (ECF Nos. 90, 92.) In fact, he previously submitted two different addresses for Lennon in Texas in two different cities, as well as a former address in Carson City, Nevada. (ECF Nos. 80, 91 at 4.) The Attorney General's Office and Defendant Craig also could not verify Lennon's current address. (ECF No. 91 at 2, 5.) Hence, another service attempt by the U.S. Marshal, given the prior failed attempts, would be a waste of finite judicial resources. (ECF Nos. 22, 89, 91 at 2, 5.) Finally, over a year has passed since the original service deadline, and Judge Denney has already granted Hernandez numerous extensions and accommodations to try to locate and serve Lennon. (ECF No. 91 at 2-6.) Any further delay is unwarranted. *See* Fed. R. Civ. P. 1 (directing the Court to construe and administer the procedural rules

1  "to secure the just, speedy, and inexpensive determination of every action and
2  proceeding"). Thus, Judge Denney did not clearly err in denying Hernandez's motion.[1]

3  It is therefore ordered that Hernandez's objection (ECF No. 92) to Judge Denney's
4  order (ECF No. 91) denying his motion for service (ECF No. 90) is overruled.

5  It is further ordered that October 24, 2022, remains the deadline for Hernandez to
6  file proof of service for Defendant Steve Lennon.

7  DATED THIS 19th Day of October 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In his motion and Objection, Hernandez also requests a court order that the law clerk at his former facility be allowed to continue to help him with his case. (ECF Nos. 90 at 3, 92 at 2.) The Court denies this request because Hernandez failed to provide any reasons as to why the library assistants at his current facility are insufficient. (*Id*.) *See* AR 722.02(6)(A) ("Inmate library assistants may only assist inmates at the institution where they are assigned, except by specific order from a judge or magistrate"). And the Court has no authority to direct the facility's law clerk to assist Hernandez.

3